UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL S. HENRY,

    Plaintiff,

File No. 1:13-CV-846

v.

HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                              /

**MEMORANDUM OPINION AND ORDER REMANDING**
**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

      This action comes before the Court on Plaintiff Michael S. Henry's objections to the Magistrate Judge's August 18, 2014, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") be affirmed. (ECF No. 22, R&R; ECF No. 23, Obj.) This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

The ALJ gave very limited weight to the treating physicians' (Dr. Holman and Dr. Head's) opinions. (TR. 18-19.) The R&R determined that substantial evidence supported this finding: "As the ALJ correctly observed, Dr. Holman's opinions enjoy no support in the record and are contradicted by substantial medical evidence, including first-hand evidence that Plaintiff was exaggerating his symptoms." (R&R 14-15.) Plaintiff contends that the R&R failed to recognize that the ALJ mischaracterized the treating rheumatologist's (Dr. Head's) use of the term pain "amplification," and erroneously interpreted it to refer to pain "exaggeration." Plaintiff contends that this misunderstanding is critical because it demonstrates that Dr. Head did not indicate that Plaintiff exaggerated symptoms; it corroborates Dr. Holman's finding that Plaintiff did not exaggerate symptoms; and it provides clinical support for Dr. Head's diagnosis of fibromyalgia and for Dr. Holman's opinions regarding the limiting effects of that diagnosis.

On de novo review, the Court finds that Plaintiff has identified a probability that the ALJ misunderstood the meaning of Dr. Head's use of the term "pain amplification," and that this affected the ALJ's assessment of Plaintiff's credibility and the evidence supporting the treating physicians' opinions. This is not a new argument; Plaintiff did raise this argument before the Magistrate Judge. (Pl.'s Br. 14, ECF No. 19.) However, Plaintiff did not present the argument as clearly then as he has now, and it was not directly addressed by the

2

Magistrate Judge.  The Court finds that more attention needs to be given to the issue of whether the ALJ's analysis violates the treating source rule in light of the questions raised concerning whether the ALJ correctly interpreted the medical records.  The Court will accordingly remand this matter to the Magistrate Judge for reconsideration in light of Plaintiff's "pain amplification" argument.  Accordingly,

**IT IS HEREBY ORDERED** that the August 18, 2014, R&R (Dkt. No. 22) is **REMANDED** to the Magistrate Judge for further consideration in light of this opinion.


Dated: September 19, 2014                              /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE