UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HENRY,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

Case No. 1:13-CV-846

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This action comes before the Court on Plaintiff Michael Henry's objections to the Magistrate Judge's September 30, 2014, Amended Report and Recommendation ("R&R"). (ECF No. 26.) After this matter was remanded for reconsideration in light of Plaintiff's argument that the ALJ misconstrued the treating physician's use of the term "pain amplification," the Magistrate Judge renewed her recommendation that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") be affirmed. (ECF No. 25.) This Court is required to make a de novo review upon the record of those portions of the Amended R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff objects to the finding in the Amended R&R that Plaintiff waived the "pain amplification" argument by failing to identify anything in the record that supports his

interpretation of the phrase "pain amplification." (Am. R&R 16.) On de novo review, the Court concludes that Plaintiff did not waive the argument. Plaintiff could not raise the issue before the ALJ because he was not on notice of how the ALJ would interpret the term, but did raise the issue in his initial brief before this Court. (Pl. Br. 14, ECF No. 19.) Plaintiff's incorporation of the definition of a medical term is not inadmissible extra-record evidence that cannot be considered on review. It is not uncommon for courts to consult medical dictionaries for definitions of medical terms in social security cases. *See*, *e.g.*, *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976); *Sabourin v. Comm'r of Soc. Sec.*, No. 12-12784, 2013 WL 2480689, at *3-4 nn.1, 5, 7, 9, 11-13, 16 (E.D. Mich. June 10, 2013); *Vandewege v. Comm'r of Soc. Sec.*, No. 1:07-CV-471, 2008 WL 205216, at *1 n.1 (W.D. Mich. Jan. 23, 2008).

Plaintiff also objects to the Magistrate Judge's finding that a reasonable person could interpret Dr. Head's treatment notes to indicate malingering. Even though the evidence might also support Plaintiff's argument that Dr. Head did not intend to suggest malingering, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). On de novo review, the Court is satisfied, for the reasons stated in the Amended R&R, that there was substantial evidence to support the ALJ's determination that Dr. Head had expressed suspicions of pain exaggeration.

Finally, Plaintiff contends that if the term "pain amplification" had been properly construed as the abnormal processing of pain signals, it would have provided substantial

2

support for Dr. Holman's opinion because it was consistent with a diagnosis of fibromyalgia and would demonstrate that Plaintiff was not malingering.

Central to Plaintiff's argument is his assertion that Dr. Holman's failure to consider Dr. Head's suspicions of pain amplification was the lynchpin of the ALJ's decision to discount Dr. Holman's opinion. Review of the ALJ's opinion reveals that this is not the case. The Amended R&R correctly pointed out that the ALJ's rationale for discounting Dr. Holman's opinions was premised on multiple shortcomings and deficiencies. (Am. R&R 18-19.) The ALJ explained that he gave only limited weight to Dr. Holman's opinions because they were provided in a format designed to elicit a disabling opinion and were not supported by clinical examinations. (Tr. 18.) *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (noting that treating source opinions are entitled to great weight only if they are supported by sufficient clinical findings and are consistent with the evidence in the record). The ALJ noted that there were no clinical records to support Dr. Holman's assertion that fibromyalgia had been diagnosed with pressure points,[1] and neither Dr. Holman nor Dr. Head ever personally observed any of Plaintiff's alleged extreme flare-ups from his pseudo-gout. (Tr. 18-19.) *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 244 (6th Cir. 2007) (noting that the process for diagnosing fibromyalgia involves testing for tenderness in focal points).

---

[1] Although the ALJ found that fibromyalgia was a severe impairment at Step 3 of his sequential analysis, he expressed skepticism regarding the fibromyalgia diagnosis because there was "no evidence of the clinical diagnosis through palpation of the requisite number of tender trigger points." (Tr. 12.)

3

Only at the end of his analysis did the ALJ note, in passing, that "Dr. Holman may not be aware of Dr. Head's expressed suspicions of 'amplification.'" (Tr. 19.) The Court is satisfied that even if the ALJ misinterpreted Dr. Head's reference to "pain amplification," there is sufficient other evidence in the record to support the ALJ's decision to discount Dr. Holman's opinions.

Although the Court disagrees with the Amended R&R's proposed finding that Plaintiff waived his pain amplification argument, the Court agrees with and adopts the Amended R&R's conclusion that the ALJ's assessment of the medical opinions and his ultimate conclusion that Plaintiff's request for benefits are supported by substantial evidence and should be affirmed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Amended R&R (Dkt. No. 26) are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that the Amended R&R (Dkt. No. 25) is **APPROVED** and **ADOPTED** as the opinion of the Court with the exception of the finding that Plaintiff waived the pain amplification argument.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.

Dated: February 6, 2015                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE